IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DeKENDRICK DONTE MATLOCK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-791-N-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner DeKendrick Donte Matlock, a Texas prisoner, has filed an application
for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein,
the application should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**Background**

On July 30, 2012, petitioner filed an application for writ of habeas corpus
challenging his conviction for theft of property. *See Matlock v. Thlaer*, No. 3:12-cv-
2586-N (N.D. Tex. July 30, 2012). However, Petitioner did not pay the statutory filing
fee or seek leave to proceed *in forma pauperis*, and failed to cure this deficiency despite
two orders warning him that the case would be dismissed unless he either paid the
filing fee or filed a motion to proceed *in forma pauperis. See id.*, Dkt. Nos. 4 & 8.
Accordingly, the Court on November 19, 2012 dismissed the petition without prejudice.
*Id.*, Dkt. No. 11.

On February 15, 2013, Petitioner filed a handwritten motion seeking to reopen the closed habeas case and requesting *in forma pauperis* status. *See* Dkt. Nos. 4 & 5. The Court denied the motion to reopen, directed the opening of a new civil case, and instructed Petitioner to file an amended petition for habeas corpus relief on a Court-approved form. *See* Dkt. Nos. 1 & 6.

The Court also ordered Petitioner to submit a new and properly-signed request to proceed *in forma pauperis*, including a certificate of inmate trust account. *See* Dkt. No. 6. Finally, because Respondent filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations, the Court permitted Petitioner to file a reply brief of no more than 15 pages to address the issues raised in Respondent's preliminary response in the earlier habeas proceeding. *See id.* All responses by Petitioner were due by March 25, 2013, and the Court warned Petitioner that "[f]ailure to comply with this order will result in a recommendation that the complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.*

Petitioner took no action in response to the Court's order.

The Court then provided a final chance for Petitioner to cure the deficiencies by April 15, 2013. *See* Dkt. No. 7. Petitioner was again warned that "failure to comply with this order may result in the imposition of sanctions, including dismissal of the action for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." *Id.* at 2.

Again, Petitioner has not responded.

The undersigned now determines that this case should be dismissed pursuant

to Fed. R. Civ. P. 41(b).

## Legal standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985).

Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Petitioner has not filed a proper habeas petition, paid the statutory filing fee, or sought leave to proceed *in forma pauperis* on a court-approved form. Until he does so, this litigation cannot proceed.

Petitioner was notified of these deficiencies on multiple occasions over the last year and warned that the failure to file an amended petition and either pay the filing fee or file a form motion to proceed *in forma pauperis* would result in the dismissal of his case. *See* Dkt. Nos. 6 & 7; *see also Matlock v. Thaler*, No. 3:12-cv-2586-N, Dkt. Nos. 4 & 8.

All orders have been ignored.

Under these circumstances, dismissal without prejudice under Rule 41(b) is warranted. *See Blair v. Quarterman*, No. 3:06-cv-2388-N, 2007 WL 867238, at *1 (N.D. Tex. Mar. 22, 2007) (dismissing habeas proceeding without prejudice after petitioner failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*); *see also Lattimer v. Dretke*, No. 3:05-cv-2370-M, 2006 WL 385126, at * 1 (N.D. Tex. Jan. 25, 2006) (same), *rec. adopted*, (N.D. Tex. Feb. 15, 2006).

## Recommendation

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 22, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE